UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **M.A.D., INC. dba Salvadori Property Management,**<br><br>　　　　　　　　**Plaintiff**<br><br>　　　　v.<br><br>**DAWN DUBOIS,**<br><br>　　　　　　　　**Defendant** | **CASE NO. 1:16-CV-1926 AWI ESG**<br><br>**ORDER SUA SPONTE REMANDING MATTER TO THE MERCED COUNTY SUPERIOR COURT** |

　　　　Defendant removed this case from the Superior Court of Merced County on December 27, 2016. See Court's Docket Doc. No. 1. Defendant asserts that the basis for removal is the presence of a federal question. Specifically, Defendant contends that she filed an answer to Plaintiff's unlawful detainer complaint that alleged Plaintiff violated aspects of 42 U.S.C. § 3604. It is through the invocation of 42 U.S.C. § 3604 that Defendant asserts that jurisdiction exists. See id.

　　　　A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). The removal statute (28 U.S.C. § 1441) is strictly construed against removal jurisdiction. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Geographic Expeditions, 599 F.3d at 1106-07; Hunter v. Philip Morris USA, 582

F.3d 1039, 1042 (9th Cir. 2009). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." Hunter, 582 F.3d at 1042; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." Geographic Expeditions, 599 F.3d at 1107; Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Gaus, 980 F.2d at 566. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Gibson v. Chrysler Corp., 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997); see California ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004). That is, the court "must dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has filed a motion." Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000); see Dynegy, 375 F.3d at 838; Duncan, 76 F.3d at 1485. Under the "well-pleaded complaint" rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." California, 215 F.3d at 1014. Accordingly, a case may not be removed on the basis of a federal defense or counterclaim. See Vaden v. Discover Bank, 556 U.S. 49, 66-67, 70 (2009); K2 Am. Corp. v. Roland Oil & Gas, 653 F.3d 1024, 1029 (9th Cir. 2011).

Here, Defendant has not shown that removal was appropriate. The complaint filed by Plaintiff is an unlawful detainer action that is based entirely on state law. As mentioned above, Defendant relies on her answer to establish federal question jurisdiction. However, invocation of the 42 U.S.C. § 3604 either as a counterclaim or defense is insufficient to establish federal question jurisdiction. See Vaden, 556 U.S. at 66-67, 70; Caterpillar, 482 U.S. at 392; K2 Am. Corp., 653 F.3d at 1029; California, 215 F.3d at 1014; Recht Family P'ship v. Furlong, 2016 U.S.

Dist. LEXIS 82080, *4-*5 (S.D. Cal. June 22, 2106); <u>Wasatch Pool Holdings, Inc. v. Bailey</u>, 2015 U.S. Dist. LEXIS 69307, I3-*4 (E.D. Cal. May 27, 2015).  Because there is no federal question appearing in Plaintiff's complaint, Defendant has failed to invoke this Court's jurisdiction. Remand to the Merced County Superior Court is appropriate and mandatory.  28 U.S.C. § 1447(c); <u>Geographic Expeditions</u>, 599 F.3d at 1107; <u>Bruns</u>, 122 F.3d at 1257; <u>Page</u>, 45 F.3d at 133.

Accordingly, IT IS HEREBY ORDERED that, per 28 U.S.C. § 1447(c), due to this Court's lack of subject matter jurisdiction, this case is REMANDED forthwith to the Superior Court of Merced County.

IT IS SO ORDERED.

Dated:   December 28, 2016                               _____
                                                        SENIOR  DISTRICT  JUDGE

3